UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ETHAN THOMAS,<br>Plaintiff<br><br>V.<br><br>NEW ENGLAND FAST FERRY OF<br>MASSACHUSETTS, LLC,<br>NEW ENGLAND FAST FERRY<br>COMPANY, LLC, and<br>INTERLAKE LEASING IV, INC.,<br>Defendants | 05-11443 GAO<br><br>Civil Action<br><br>No. _____<br>RECEIPT # 65981<br>AMOUNT $ 250<br>SUMMONS ISSUED Y<br>MAGISTRATE JUDGE MPD  LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK<br>DATE 7/8/05 |

PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

Now comes the Plaintiff in the above-entitled matter, and states as follows:

The parties

1.   The Plaintiff, Ethan Thomas, is a resident of Edgartown, Massachusetts.

2.   The Defendant, New England Fast Ferry of Massachusetts, LLC, is a limited liability company, organized and existing under the laws of the state of Delaware.

3.   The Defendant, New England Fast Ferry of Massachusetts, LLC, has its principal office in Stamford, Connecticut.

4.   On December 27, 2004, the Defendant, New England Fast Ferry of Massachusetts, LLC, was doing business within the Commonwealth of Massachusetts.

5.   The Defendant, New England Fast Ferry Company, LLC, is a limited liability company, organized and existing under the laws of the state of Delaware.

6.   The Defendant, New England Fast Ferry Company, LLC, has its principal office in Stamford, Connecticut.

7. On December 27, 2004, the Defendant, New England Fast Ferry Company, LLC, was doing business within the Commonwealth of Massachusetts.

8. The Defendant, Interlake Leasing IV, Inc., is a corporation, organized and existing under the laws of the state of Delaware.

9. The Defendant, Interlake Leasing IV, Inc., has its principal office in Stamford, Connecticut.

10. On December 27, 2004, the Defendant, Interlake Leasing IV, Inc., was doing business within the Commonwealth of Massachusetts.

### Vessel Ownership, Operation, and Control

11. On or about December 27, 2004, the Defendant, New England Fast Ferry of Massachusetts, LLC, owned the M/V WHALING CITY EXPRESS.

12. On or about December 27, 2004, the Defendant, New England Fast Ferry of Massachusetts, LLC, operated the M/V WHALING CITY EXPRESS.

13. On or about December 27, 2004, the Defendant, New England Fast Ferry of Massachusetts, LLC, controlled the M/V WHALING CITY EXPRESS.

14. The Defendant, New England Fast Ferry of Massachusetts, LLC, chartered the M/V WHALING CITY EXPRESS from some other person or entity such that, on or about December 27, 2004, the Defendant New England Fast Ferry of Massachusetts, LLC was the owner pro hac vice of the M/V WHALING CITY EXPRESS.

15. On or about December 27, 2004, the Defendant, New England Fast Ferry Company, LLC, owned the M/V WHALING CITY EXPRESS.

16. On or about December 27, 2004, the Defendant, New England Fast Ferry Company, LLC,

operated the M/V WHALING CITY EXPRESS.

17. On or about December 27, 2004, the Defendant, New England Fast Ferry Company, LLC, controlled the M/V WHALING CITY EXPRESS.

18. The Defendant, New England Fast Ferry Company, LLC, chartered the M/V WHALING CITY EXPRESS from some other person or entity such that, on or about December 27, 2004, the Defendant New England Fast Ferry Company, LLC was the owner pro hac vice of the M/V WHALING CITY EXPRESS.

19. On or about December 27, 2004, the Defendant, Interlake Leasing IV, Inc., owned the M/V WHALING CITY EXPRESS.

20. On or about December 27, 2004, the Defendant, Interlake Leasing IV, Inc., operated the M/V WHALING CITY EXPRESS.

21. On or about December 27, 2004, the Defendant, Interlake Leasing IV, Inc., controlled the M/V WHALING CITY EXPRESS.

22. The Defendant, Interlake Leasing IV, Inc., chartered the M/V WHALING CITY EXPRESS from some other person or entity such that, on or about December 27, 2004, the Defendant Interlake Leasing IV, Inc., was the owner pro hac vice of the M/V WHALING CITY EXPRESS.

General factual allegations

23. On December 27, 2004, the Plaintiff, Ethan Thomas, was employed by the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority as a dock worker.

24. On December 27, 2004, the Plaintiff, Ethan Thomas, was assisting in the docking of the M/V WHALING CITY EXPRESS at the Steamship Authority dock in Vineyard Haven,

Massachusetts.

25. On December 27, 2004, during the course of its docking at the Steamship Authority dock in Vineyard Haven, the M/V WHALING CITY EXPRESS struck the dock.

26. On December 27, 2004, the Plaintiff sustained personal injuries as a result of the M/V WHALING CITY EXPRESS striking the dock.

27. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff was exercising due care.

## Jurisdiction

28. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## COUNT I

(Ethan Thomas v. New England Fast Ferry of Massachusetts, LLC)

(GENERAL MARITIME LAW NEGLIGENCE)

29. The Plaintiff reiterates the allegations set forth in paragraphs 1 through 28 above.

30. The personal injuries sustained by the Plaintiff were not caused by any fault on his part but were caused by the negligence of the Defendant New England Fast Ferry of Massachusetts, LLC, its agents, servants and/or employees.

31. As a result of said injuries, the Plaintiff has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Ethan Thomas, demands judgment against the Defendant,

New England Fast Ferry of Massachusetts, LLC, in the amount of $1,000,000.00, together with interest and costs.

## COUNT II

(Ethan Thomas v. New England Fast Ferry Company, LLC)

(GENERAL MARITIME LAW NEGLIGENCE)

32. The Plaintiff reiterates the allegations set forth in paragraphs 1 through 28 above.

33. The personal injuries sustained by the Plaintiff were not caused by any fault on his part but were caused by the negligence of the Defendant New England Fast Ferry Company, LLC, its agents, servants and/or employees.

34. As a result of said injuries, the Plaintiff has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Ethan Thomas, demands judgment against the Defendant, New England Fast Ferry Company, LLC, in the amount of $1,000,000.00, together with interest and costs.

## COUNT III

(Ethan Thomas v. Interlake Leasing IV, Inc.)

(GENERAL MARITIME LAW NEGLIGENCE)

35. The Plaintiff reiterates the allegations set forth in paragraphs 1 through 28 above.

36. The personal injuries sustained by the Plaintiff were not caused by any fault on his part but were caused by the negligence of the Defendant Interlake Leasing IV, Inc., its agents, servants and/or employees.

37. As a result of said injuries, the Plaintiff has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Ethan Thomas, demands judgment against the Defendant, Interlake Leasing IV, Inc., in the amount of $1,000,000.00, together with interest and costs.

THE PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES RAISED IN THIS COMPLAINT.

Respectfully submitted for the
the Plaintiff, by his attorney,

_____
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: 7/6/05

≈JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS<br>Ethan Thomas | DEFENDANTS<br>New England Fast Ferry of Massachusetts, LLC, New England Fast Ferry Company, LLC, and Interlake Leasing IV, Inc., |
|---|---|
| (b) County of Residence of First Listed Plaintiff   Dukes<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   Fairfield<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Latti and Anderson, LLP, 30-31 Union Wharf, Boston, MA 02109, 617-523-1000 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN**  (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause:
Maritime personal injury case pursuant to 28 U.S.C. §1332.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions)
JUDGE                    DOCKET NUMBER

DATE  7/6/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Ethan Thomas v. New England Fast Ferry of Massachusetts, LLC, New England Fast Ferry Company, LLC, and Interlake Leasing IV, Inc.,

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [✓] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   05 - 11443 GAO

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   David J. Berg
ADDRESS   30-31 Union Wharf, Boston, MA 02109
TELEPHONE NO.   617-523-1000

(CategoryForm.wpd - 5/2/05)