```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

                                        CIVIL ACTION
                                        NO. 05-11443-GAO
```

**ETHAN THOMAS**
    Plaintiff,

VS.

**NEW ENGLAND FAST FERRY
OF MASSACHUSETTS, LLC,
NEW ENGLAND FAST FERRY
COMPANY, LLC, and
INTERLAKE LEASING IV, INC.,**
    Defendants.

### DEFENDANTS' ANSWERS TO PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

Now come the defendants, New England Fast Ferry of Massachusetts, LLC, New England Fast Ferry Company, LLC, and Interlake Leasing IV, Inc., in the above entitled action, by and through their undersigned counsel, Clinton & Muzyka, P.C., and file their Answers to the Plaintiff's Complaint and Demand for Trial by Jury as follows:

### THE PARTIES

1. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, deny same.

2. The defendants admit the allegations contained in paragraph 2.

3. The defendants admit the allegations contained in paragraph 3.

4. Paragraph 4 contains allegations of fact and law to which an answer is not required, but to the extent that an answer is required, the defendants deny all the allegations contained in paragraph 4.

5. The defendants admit the allegations contained in paragraph 5.

6. The defendants admit the allegations contained in paragraph 6.

7. Paragraph 7 contains allegations of fact and law to which an answer is not required, but to the extent that an answer is required, the defendants deny all the allegations contained in paragraph 7.

8. The defendants admit the allegations contained in paragraph 8.

9. The defendants admit the allegations contained in paragraph 9.

10. Paragraph 10 contains allegations of fact and law to which an answer is not required, but to the extent that an answer is required, the defendants deny all the allegations contained in paragraph 10.

## **VESSEL OWNERSHIP, OPERATION & CONTROL**

11. The defendants deny the allegations contained in paragraph 11.

12. The defendants admit the allegations contained in paragraph 12.

13. The defendants admit the allegations contained in paragraph 13.

14. The defendants deny the allegations contained in paragraph 14.

15. The defendants deny the allegations contained in paragraph 15.

16. The defendants admit the allegations contained in paragraph 16.

17. The defendants admit the allegations contained in paragraph 17.

18. The defendants admit the allegations contained in paragraph 18.

19. The defendants admit the allegations contained in paragraph 19.

20. The defendants deny the allegations contained in paragraph 20.

21. The defendants deny the allegations contained in paragraph 21.

22. The defendants deny the allegations contained in paragraph 22.

## GENERAL FACTUAL ALLEGATIONS

23. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, deny same.

24. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and, therefore, deny same.

25. The defendants deny the allegations contained in paragraph 25.

26. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and, therefore, deny same.

27. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and, therefore, deny same.

## JURISDICTION

28. Paragraph 28 contains allegations of law to which an answer is not required, but to the extent that

an answer is required, the defendants deny all the allegations contained in paragraph 28.

## COUNT I

### (Ethan Thomas v. New England Fast Ferry of Massachusetts, LLC)

### (GENERAL MARITIME LAW NEGLIGENCE)

29. The defendant, New England Fast Ferry of Massachusetts, LLC, reiterates and reaffirms its answers to the allegations set forth in paragraphs 1 through 28 inclusive and incorporates same as if fully set forth herein.

30. The defendant, New England Fast Ferry of Massachusetts, LLC, denies the allegations contained in paragraph 30.

31. The defendant, New England Fast Ferry of Massachusetts, LLC, is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies same.

**WHEREFORE,** the defendant, New England Fast Ferry of Massachusetts, LLC, prays that this Honorable Court dismiss with prejudice Count I of the plaintiff's Complaint together with costs and reasonable attorneys' fees.

## COUNT II

**(Ethan Thomas v. New England Fast Ferry Company, LLC)**

**(GENERAL MARITIME LAW NEGLIGENCE)**

32. The defendant, New England Fast Ferry Company, LLC, reiterates and reaffirms its answers to the allegations set forth in paragraphs 1 through 28 inclusive and incorporates same as if fully set forth herein.

33. The defendant, New England Fast Ferry Company, LLC, denies the allegations contained in paragraph 33.

34. The defendant, New England Fast Ferry Company, LLC, is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies same.

**WHEREFORE,** the defendant, New England Fast Ferry Company, LLC, prays that this Honorable Court dismiss with prejudice Count II of the plaintiff's Complaint together with costs and reasonable attorneys' fees.

## COUNT III

### (Ethan Thomas v. Interlake Leasing IV, Inc.)

### (GENERAL MARITIME LAW NEGLIGENCE)

35. The defendant, Interlake Leasing IV, Inc., reiterates and reaffirms its answers to the allegations set forth in paragraphs 1 through 28 inclusive and incorporates same as if fully set forth herein.

36. The defendant, Interlake Leasing IV, Inc., denies the allegations contained in paragraph 36.

37. The defendant, Interlake Leasing IV, Inc., is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies same.

**WHEREFORE,** the defendant, Interlake Leasing IV, Inc., prays that this Honorable Court dismiss with prejudice Count III of the plaintiff's Complaint together with costs and reasonable attorneys' fees.

### AFFIRMATIVE DEFENSES

Now come the defendants and incorporate the following Affirmative Defenses into each and every Count of this Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants say that the plaintiff lacks standing to commence this action pursuant to 33 USC § 933(g).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants say that the plaintiff has failed to state a cause of action upon which relief can be granted against the defendant, Interlake Leasing IV, Inc.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants say that this Court does not have personal jurisdiction to entertain this action against the defendant, Interlake Leasing IV, Inc.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants say that there has been insufficiency of process and service of process.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants say that the plaintiff has failed to establish personal jurisdiction over the defendant, Interlake Leasing IV, Inc.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants say that the venue in this forum is improper against defendant, Interlake Leasing IV, Inc.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants say that the plaintiff is collaterally estopped from asserting his claim.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants say that the plaintiff has failed to join an indispensable party.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants say that if the plaintiff, Ethan Thomas, was injured as alleged, which is specifically denied, said injuries resulted in whole or in part from his own negligence and failure to exercise the degree of care, skill, and knowledge in the performance of his work reasonably to be required of a person working as a harbor worker and not due to any negligence or fault on the part of the defendants.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants say that if the plaintiff, Ethan Thomas, was injured as alleged, which is specifically denied, said damages resulted in whole or in part from acts and/or omissions of a person or persons over whom the defendants had no control and for whom the defendants were and are not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants say that if the plaintiff sustained

injury as alleged, which is specifically denied, those injuries were the result of an Act of God for which the defendants are not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants say that the plaintiff has failed to mitigate his damages.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants say that the applicable law governing this action is the Federal Substantive General Maritime Law of the United States.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants say that if the plaintiff, Ethan Thomas, was injured as alleged, which is specifically denied, such injury was without fault, common knowledge or privity of the defendant; and that the damages claim herein exceed the value of the vessel, including its pending cargo; and the defendants herewith claims benefit of any and all law and statutes of the United States, including but not limited to, limitation of liability of the defendants, 46 U.S.C., Appx. §183 (b).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants say that they are entitled to a set-off against any Judgment for amounts previously paid to the plaintiff.

**WHEREFORE,** the defendants pray that this Honorable Court dismiss with prejudice the plaintiff's Complaint together with costs and reasonable attorneys' fees.

The defendants claim **<u>TRIAL BY JURY</u>** on all issues raised in plaintiff's Complaint, defendants' Answer, and Affirmative Defenses contained herein with the exception of Limitation of Liability which is unique for the Court's determination.

By their attorney,
**CLINTON & MUZYKA, P.C.**


<u>"/s/ Thomas J. Muzyka"</u>
**Thomas J. Muzyka**
**BBO NO. 365540**
**Terence G. Kenneally**
**BBO NO. 642124**
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165


DATE: August 30, 2005