UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ETHAN THOMAS,<br>    Plaintiff<br><br>V.<br><br>NEW ENGLAND FAST FERRY OF<br>MASSACHUSETTS, LLC,<br>NEW ENGLAND FAST FERRY<br>COMPANY, LLC, and<br>INTERLAKE LEASING IV, INC.,<br>    Defendants | Civil Action<br><br>No. 05-11443-GAO |

MOTION FOR A PROTECTIVE ORDER REGARDING DEPOSITIONS
NOTICED BY THE DEFENDANT FOR MAY 15, 2007

NOW COMES the Plaintiff, and states as follows:

1. This is a personal injury case. The Plaintiff was (and is) a Steamship Authority employee who was injured on December 27, 2004 at the Steamship Authority terminal in Vineyard Haven on Martha's Vineyard. A number of his co-workers witnessed his injury. The manner in which the accident occurred is hotly disputed in this case. The Defendants do not at all agree that the incident occurred in the manner in which the Plaintiff has alleged.

2. By letter dated April 17, 2007, the Defendants served 6 Notices of Depositions in this case. 5 of these depositions – of Dennis Vogel, Richard Clark, Manny Somoana, Raymond Debettencourt, and Richard McElhinney - are scheduled for May 15, 2007, at the Steamship Authority offices in Woods Hole. Exhibits A, B. The May 15 depositions include the depositions of all 4 of the Plaintiff's co-workers at the time of the accident, all of whom witnessed some aspect of the accident.

3. In response, the undersigned emailed defense counsel on April 18 advising that he would

not be available on May 15 because he would be in New Jersey for a hearing, and asked if the Defendants would reschedule. Exhibits A, C. The undersigned will be in federal court in Camden, NJ, on May 15 for a status/settlement conference on the case of Lee v. Burke, et. al., C.A. No. 06-CV-3229 (RMB).

4.  Defense counsel did not respond to the email, so the undersigned sent defense counsel another email on April 26. Exhibits A, D.

5.  By letter dated April 30, the Defendants advised that they intend to go forward with the depositions, and that the Plaintiff should have another lawyer attend. Exhibit E.

6.  For the reasons stated in paragraphs 8 and 9 of the Affidavit of David J. Berg (Exhibit A), it is not in the Plaintiff's best interests to have another lawyer handle these depositions in place of the undersigned. The undersigned believes that he would not be able to effectively represent the Plaintiff at trial if he is not able to attend the 5 depositions scheduled for May 15 because they are eyewitnesses to the accident and the manner in which the accident occurred is so seriously contested.

7.  Accordingly, the Plaintiff requests that the Court issue a protective order pursuant to Fed.R.Civ.P. 26(c)(2). The Plaintiff requests that the Court order 1) that the depositions not take place on May 15, 2007, and 2) that the parties coordinate scheduling with each other when rescheduling the depositions.

WHEREFORE, the Plaintiff respectfully requests:

A.  That the Court order that the depositions of Dennis Vogel, Richard Clark, Manny Somoana, Raymond Debettencourt, and Richard McElhinney not take place on May 15, 2007,

B.  That the Court order that the parties coordinate scheduling with each other when

rescheduling the depositions; and

      C.      That, pursuant to Fed.R.Civ.P. 26(c) and 37(a)(4), the Plaintiff be awarded his reasonable expenses incurred in making this motion, including attorneys fees.

                                      Respectfully submitted for the
                                      the Plaintiff, by his attorney,


                                      /s/ David J. Berg, Esq.
                                    David J. Berg, Esq.
                                    Latti & Anderson LLP
                                    30-31 Union Wharf
                                    Boston, MA 02109
                                    (617) 523-1000

## CERTIFICATE OF COMPLIANCE WITH FEDERAL AND LOCAL RULES

      I hereby certify that, pursuant to Fed.R.Civ.P. 26(c) and LR 7.1(A)(2), I have in good faith conferred or attempted to confer with the defense counsel in an effort to resolve this dispute without court action. After receiving the notices of deposition, I sent 2 emails to defense counsel (Mr. Kenneally) asking if he would reschedule the depositions. Mr. Kenneally's response by letter dated April 30 was that the depositions would remain on, and requested that another attorney from my office attend in my place. After receiving this letter, I called lead defense counsel Mr. Muzyka on May 1 to discuss this matter, but was told that he was out of the office for the week. I left a message on his voice mail regarding this matter, and asked him to call me if he got the message, but did not hear back. I called Mr. Kenneally on May 3, but was advised that he was out of the office for the remainder of the week as well. I left a message on his voice mail regarding this matter, but did not hear back.


                                      /s/ David J. Berg, Esq.
                                    David J. Berg, Esq.

CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                                /s/ David J. Berg, Esq.
                                                David J. Berg, Esq.

Dated: May 4, 2007

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ETHAN THOMAS, | ) | |
|     Plaintiff | ) | |
|  | ) | Civil Action |
| V. | ) | |
|  | ) | No. 05-11443-GAO |
| NEW ENGLAND FAST FERRY OF | ) | |
| MASSACHUSETTS, LLC, | ) | |
| NEW ENGLAND FAST FERRY | ) | |
| COMPANY, LLC, and | ) | |
| INTERLAKE LEASING IV, INC., | ) | |
|     Defendants | ) | |

### AFFIDAVIT OF DAVID J. BERG

1.     I am David J. Berg, and I am counsel for the Plaintiff in this case.

2.     There was a status conference in this case on February 20, 2007. At some point after that conference, as we were walking out, the defense counsel (Mr. Muzyka) mentioned to me that he might want to depose the Plaintiff's co-workers. I had no objection to that, and said something to the effect of "Give me some dates." Since the accident happened on Martha's Vineyard and since, as far as I knew, the deponents lived on Martha's Vineyard, I assumed that the depositions might require going to Martha's Vineyard. I believe that we joked a little on the issue of it being a nice out of town trip to take depositions on the islands.

3.     On March 14, 2007, I attended a scheduling conference on another case with defense counsel Terence Kenneally. After the conference, while we were walking out, the matter of the possible depositions came up. I asked Mr. Kenneally to run some possible dates by me.

4.     On April 18, 2007, I received 6 Notices of Depositions in this case. One deposition was a 30(b)(6) deposition of the Steamship Authority on May 8, and the other 5 were depositions of the co-workers scheduled for May 15 at the Steamship Authority offices in Woods Hole. The cover letter from Mr. Kenneally is attached as Exhibit B.

5.     I immediately sent Mr. Kenneally an email advising that I would not be available on May 15, that I would be in New Jersey for a hearing, asking if he would reschedule, and asking (again) that he coordinate the dates with me. Exhibit C. I will be in federal court in Camden, NJ, that day for a status/settlement conference on the case of Lee v. Burke, et. al., C.A. No. 06-CV-3229 (RMB). The hearing is at 3 PM, but I will actually be out of the office all day because I am leaving the afternoon before to have dinner with my parents in Philadelphia for Mother's Day and for my mother's 70th birthday.

6. Mr. Kenneally did not respond to that email, so I sent him another email on April 26 asking again for his position. Exhibit D.

7. By letter dated April 30, Mr. Kenneally responded. He advised that the Defendants intend to go forward with the depositions, and requested that another attorney from my office attend in my place. Exhibit E.

8. I do not want to have someone from my office attend these depositions in my place, assuming that either of the other 2 lawyers in my office is available. I am the sole attorney of record in this case. I will be representing the Plaintiff at the trial of this case in July. 4 of the depositions on May 15 are of Mr. Thomas' co-workers on the day of the accident. Based on the discovery performed to date, it appears that they all witnessed some aspect of the accident. Their depositions are crucial to both sides' cases, especially as the manner in which the Plaintiff's injury occurred is so hotly contested. The fifth witness was not present on the day in question, and it remains to be seen what he knows. All of these witnesses are likely to testify at trial. I want to be at these depositions. I want to hear first hand what they know, and I want to be able to judge their demeanor and credibility first hand. It is not in my client's best interests to have someone who is not intimately familiar with his case and who will not be his trial counsel attend these depositions.

9. While my office (as well as probably every other law firm in the country) will sometimes have a lawyer who is not involved in the case attend the occasional deposition in place of the lead counsel if he/she is unavailable, I do not think that this is appropriate in this situation where I would be forced to miss the depositions of 4 eyewitnesses to the accident. If I were to miss 1 deposition of these witnesses, that would not be a big deal, but missing the depositions of all 4 of the Plaintiff's co-workers on the day of the accident would greatly affect my ability to represent the Plaintiff.

10. In any event, this problem could have been avoided if the Defendants had just given me a call or sent me an email asking when I was available. I have been practicing law for 18 years, and I cannot remember even one occasion where the scheduling of out of town depositions was not done by agreement. Further, I cannot recall any case that I have been involved in where a lawyer refused to continue a deposition due to another lawyer's unavailability.

11. I do not particularly care when (or where) the depositions are, as long as I am available. For almost 15 years, I have worked well with defense counsel's office on scheduling matters, and trust and expect that we will be able to work well together in the future on scheduling matters, including on this case.

SUBSCRIBED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY

| | |
|---|---|
| May 4, 2007 | /s/ David J. Berg |
| Date | David J. Berg, Esq. |

# CLINTON & MUZYKA, P.C.

ATTORNEYS AT LAW

ONE WASHINGTON MALL, SUITE 1400

BOSTON, MASSACHUSETTS 02108

THOMAS E. CLINTON  
THOMAS J. MUZYKA  
ROBERT E. COLLINS*  
KENNETH M. CHIARELLO  
TERENCE G. KENNEALLY  

ARTHUR P. SKARMEAS**  
Of Counsel

*Also admitted in RI  
**Also admitted in NH

April 17, 2007

TELEPHONE  
(617) 723-9165  

FACSIMILE  
(617) 720-3489  

E-MAIL:  
c&m@clinmuzyka.com

Latti & Anderson, LLP  
30-31 Union Wharf  
Boston, MA 02109

Attention:   David J. Berg, Esquire

**Re:  Ethan Thomas vs.  
New England Fast Ferry of  
Massachusetts, LLC., et al  
Civil Action No: 05-11443-GAO**

Dear Attorney Berg:

We refer to the above matter and enclose herewith the following Notices of Depositions:

1. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority - May 8, 2007 at 11:00 a.m.;
2. Dennis Vogel - May 15, 2007 at 10:00;
3. Richard Clark - May 15, 2007 at 11:00 a.m.
4. Manny Somoana - May 15, 2007 at 12:00 p.m.
5. Raymond Debettencourt - May 15, 2007 at 1:00 p.m.; and
6. Richard McElhinney - May 15, 2007 at 2:00 p.m.

Thank you for your attention in this matter.

Very truly yours,

Terence G. Kenneally

TGK:cm  
Enclosure

**From:** David J. Berg [dberg@lattianderson.com]
**Sent:** Wednesday, April 18, 2007 1:01 PM
**To:** 'Terence G. Kenneally'
**Subject:** Thomas

Dear Mr. Kenneally:

I received your notices of deposition.  I am not available on 5/15.  I will be in New Jersey for a hearing.  I also have a trial in late May.  Would you please coordinate some other dates for these depositions with me.

Thank you.

David J. Berg

Latti & Anderson LLP

30-31 Union Wharf

Boston, MA 02109

617-523-1000

617-523-7394 (fax)

**From:** David J. Berg [dberg@lattianderson.com]
**Sent:** Thursday, April 26, 2007 11:13 AM
**To:** 'Terence G. Kenneally'
**Subject:** Thomas

Dear Mr. Kenneally:

I emailed you on 4/18 about my unavailability for the 5/15 depositions, but have not heard back from you.  I do not know how to interpret your non-response.  I do not know if I should infer that the depositions are off and you are thinking about new dates, or whether it is your position that, barring a court order, the depositions are going to remain on.

Would you please advise as to your position on this matter.  I am ready and willing to offer alternative dates for these depositions, although I will be out of the office this afternoon.

Thank you.

David J. Berg

Latti & Anderson LLP

30-31 Union Wharf

Boston, MA 02109

617-523-1000

617-523-7394 (fax)

# CLINTON & MUZYKA, P.C.

ATTORNEYS AT LAW

ONE WASHINGTON MALL, SUITE 1400

BOSTON, MASSACHUSETTS 02108

THOMAS E. CLINTON
THOMAS J. MUZYKA
ROBERT E. COLLINS*
KENNETH M. CHIARELLO
TERENCE G. KENNEALLY

ARTHUR P. SKARMEAS**
Of Counsel

*Also admitted in RI
**Also admitted in NH

April 30, 2007

TELEPHONE
(617) 723-9165

FACSIMILE
(617) 720-3489

E-MAIL:
c&m@clinmuzyka.com

*VIA FACSIMILE*

Latti & Anderson, LLP
30-31 Union Wharf
Boston, MA 02109

Attention:    David J. Berg, Esquire

Re:  **Ethan Thomas vs.
New England Fast Ferry of
Massachusetts, LLC., et al
Civil Action No: 05-11443-GAO**

Dear Attorney Berg:

We refer to the above matter, your recent emails and enclose the following documents:

1. Defendants' Expert Disclosures pursuant to Fed.R.Civ.P. 26:

   a. Report of Hank A. McKenna, P.E., including his curriculum vitae; and
   b. Report of Brian Mercer, M.D., including his curriculum vitae.

   The defendants specifically reserve their right to supplement their expert disclosures if additional information or opinions are discovered.

In addition, we intend to go forward with the depositions that are presently scheduled for May 8, 2007 and May 15, 2007. These dates were selected with the input and assistance of the Steamship Authority. As you know, several of the deponents scheduled for depositions on May 15, 2007 work at the Vineyard Haven Terminal. We chose a single day for the depositions to avoid any unnecessary

problems with the Steamship Authority's operations.  Accordingly, if you cannot attend the May 15th depositions, we request that someone from your office attend in your place.

Further, we refer to your earlier discussions with Attorney Muzyka concerning whether the plaintiff will assent to dismissing New England Fast Ferry Company, LLC and Interlake Leasing IV, Inc. as defendants because New England Fast Ferry of Massachusetts, LLC. is the local operating company in Massachusetts.  If the plaintiff does assent to dismissing these defendants, please advise so that we can file the requisite pleading with the Court.

Thank you for your attention in this matter.

Very truly yours,

Terence G. Kenneally

Enclosure