UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ETHAN THOMAS,<br>    Plaintiff<br><br>V.<br><br>NEW ENGLAND FAST FERRY OF<br>MASSACHUSETTS, LLC,<br>NEW ENGLAND FAST FERRY<br>COMPANY, LLC, and<br>INTERLAKE LEASING IV, INC.,<br>    Defendants | Civil Action<br><br>No. 05-11443-GAO |

PLAINTIFF'S MOTION IN LIMINE REGARDING ALLEGED COMPLAINTS ABOUT THE WINCH BY MANNY SOMOANO

    NOW COMES the Plaintiff, and states as follows:

    The Plaintiff was injured while he was cranking a winch to raise the level of the transfer bridge (also known as a ramp) in order to accommodate the Defendants' ferry at the Steamship Authority terminal in Vineyard Haven. The Steamship Authority Director of Terminals and Parking Facilities, Mark Rozum, performed an investigation after the accident. He testified that, after the accident, a Steamship Authority employee, Manny Somoano, told him that he had seen a spring loose on the dog of the winch before the accident. Mr. Rozum testified that Mr. Somoano told him that he had told the Steamship Authority assistant agent (a managerial position), Richard Clark, about this situation. Mr. Rozum also testified that he spoke with Mr. Clark about Mr. Somoano's alleged complaint, but that Mr. Clark did not remember such a complaint. The depositions of both Messrs. Clark and Somoano were taken, and neither man remembered such a complaint being made. Mr. Somoano specifically denied having made such a complaint.

One of the Defendants' major defenses in this case is that the winch (specifically, the dog or its spring) was defective or malfunctioning at the time of the accident, and that such defect or malfunction caused the accident.  However, there is no admissible evidence that the dog was defective or malfunctioning prior to the accident.  Mr. Somoano's alleged post-accident statement to Mr. Rozum in the course of Mr. Rozum's investigation would be hearsay coming from Mr. Rozum.  There is no other evidence of pre-accident problems with the winch.  Because the only evidence of pre-accident problems with the winch is hearsay, the Plaintiff moves to exclude any evidence regarding possible pre-accident problems with the winch or its dog or spring as irrelevant and unduly prejudicial under Fed.R.Evid. 403.

WHEREFORE, the Plaintiff respectfully requests that the Court enter an Order barring Defendants or their counsel from referencing to, offering any evidence on or questioning any witness about alleged pre-accident problems with the winch or its dog or spring.

        Respectfully submitted for the
the Plaintiff, by his attorney,

/s/ David J. Berg, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                <u>/s/ David J. Berg, Esq.</u>
                                David J. Berg, Esq.
                                Latti & Anderson LLP
                                30-31 Union Wharf
                                Boston, MA 02109
                                617-523-1000

Dated: June 28, 2007