UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ETHAN THOMAS,<br>    Plaintiff<br><br>V.<br><br>NEW ENGLAND FAST FERRY OF<br>MASSACHUSETTS, LLC,<br>NEW ENGLAND FAST FERRY<br>COMPANY, LLC, and<br>INTERLAKE LEASING IV, INC.,<br>    Defendants | Civil Action<br><br>No. 05-11443-GAO |

PLAINTIFF'S MOTION IN LIMINE REGARDING CRIMINAL CONVICTION

NOW COMES the Plaintiff, and states as follows:

The Plaintiff was convicted of possession of cocaine in 1993. Pursuant to Fed.R.Evid. 609(b):

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

In order for this conviction to be admitted, the Court must thus find that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. The Defendants have the burden of proof on this matter, and it is respectfully submitted that they cannot meet this burden. 4 Weinstein's Federal Evidence (2nd ed. 2006), §609.21.

The conviction should be found to be inadmissible because of its age, because such a conviction has nothing to do with honesty or dishonesty, and because of the prejudicial effect to the Plaintiff if evidence of the conviction were to be admitted.  It is well settled that convictions more than 10 years old "should be admitted very rarely and only in exceptional circumstances." Id. at §609.06[1].  The Defendants cannot point to any specific facts and circumstances that would indicate that the probative value of admitting this conviction substantially outweighs the prejudice to the Plaintiff.

WHEREFORE, the Plaintiff respectfully requests that the Court enter an Order barring Defendants or their counsel from referencing to, offering any evidence on or questioning any witness about any crimes of which the Plaintiff may have been convicted.

    Respectfully submitted for the
the Plaintiff, by his attorney,

/s/ David J. Berg, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                        <u>/s/ David J. Berg, Esq.</u>
                                        David J. Berg, Esq.
                                        Latti & Anderson LLP
                                        30-31 Union Wharf
                                        Boston, MA 02109
                                        617-523-1000

Dated: June 28, 2007