UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ETHAN THOMAS,<br>    Plaintiff | )<br>)<br>)<br>) | Civil Action |
| V. | )<br>) | No. 05-11443-GAO |
| NEW ENGLAND FAST FERRY OF<br>MASSACHUSETTS, LLC,<br>NEW ENGLAND FAST FERRY<br>COMPANY, LLC, and<br>INTERLAKE LEASING IV, INC.,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |  |

<u>PLAINTIFF'S MOTION IN LIMINE REGARDING ALLEGED REPAIRS OF WINCH</u>

    NOW COMES the Plaintiff, and states as follows:

    The Plaintiff was injured while he was cranking a winch to raise the level of the transfer bridge (also known as a ramp) in order to accommodate the Defendants' ferry at the Steamship Authority terminal in Vineyard Haven. Some Steamship Authority dockworkers have testified at deposition that the Steamship Authority performed repairs and/or even replaced the winch after the Plaintiff's accident. However, the Defendants subpoenaed the Steamship Authority's records with respect to any post-accident maintenance and repairs of the winch in question and took the deposition of the Director of Engineering and Maintenance of the Steamship Authority. At this deposition, the deponent testified that he performed a search of the Steamship Authority's computerized work order database and that he found no titles of work orders that were conclusive on their face that the winch in question had indeed been repaired after the Plaintiff's accident. He also testified that he was not familiar with what, if any, work was performed on the winch in question after the Plaintiff's accident on December 27, 2004. The Defendants did not

conduct any follow up discovery on this issue such as demanding the actual work orders themselves.

Given that the winch was not the Defendants' winch, any repairs that might have been performed on the winch after the accident would not properly be called subsequent remedial measures because a non-party, the Steamship Authority, would have performed the work. However, one of the Defendants' major defenses in this case is that the winch (specifically, the dog or its spring) was defective or malfunctioning at the time of the accident, and that such defect or malfunction caused the accident. Given this defense, and given that the Defendants went straight to the source (i.e., the Steamship Authority) to attempt to prove the nature and extent of such repairs, but were unable to ascertain from source documents that the winch had in fact been repaired after the accident, the Plaintiff moves to exclude any evidence regarding possible post-accident repairs or replacement of the winch in question as irrelevant and unduly prejudicial under Fed.R.Evid. 403.

Evidence of alleged post-accident repairs would be prejudicial to the Plaintiff because that would allow the jury to conclude that the winch was indeed defective, and that the defect, not any action of the Defendants' ferry, was the cause of the Plaintiff's injury. Evidence of alleged post-accident repairs in the form of the dockworkers' testimony would be unfairly prejudicial to the Plaintiff because the Defendant was unable to establish from the Steamship Authority just what repairs were performed.

Because the Steamship Authority has no records of post-accident repairs, it is reasonable to conclude that there were none, despite what the dockworkers may think. The Steamship Authority is not a party to this case. It has no reason to cover up any repairs that may have been

performed on the winch after the Plaintiff's accident. Further, it should be noted that defense counsel has represented the Steamship Authority on many, many cases against parties represented by the Plaintiff's counsel. Defense counsel currently represents the Steamship Authority on at least 4 cases in the Plaintiff's counsel's office. The Plaintiff raises this point to show that the defense counsel clearly knows how the Steamship Authority operates. Defense counsel knows exactly whom to depose and what records to request from the Steamship Authority to find out precisely what, if any, work was performed on the winch after the accident. If this defense counsel was unable to locate any such records, that is further evidence to allow the conclusions to be drawn that no such records exist, and that no such records exist because no post-accident repairs were performed, despite what some of the dockworkers may think.

    WHEREFORE, the Plaintiff respectfully requests that the Court enter an Order barring Defendants or their counsel from referencing to, offering any evidence on or questioning any witness about alleged post-accident maintenance or repairs of the winch in question in this case or any part of it.

Respectfully submitted for the
the Plaintiff, by his attorney,

/s/ David J. Berg, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ David J. Berg, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: June 28, 2007