UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11443-GAO

**ETHAN THOMAS**
    **Plaintiff,**

VS.

**NEW ENGLAND FAST FERRY OF MASSACHUSETTS, LLC**
    **Defendant.**

## DEFENDANT'S, MOTION IN LIMINE TO LIMIT THE TESTIMONY OF BARBARA A. STELLE, M.D. AT TRAIL

Now comes the defendant, New England Fast Ferry of Massachusetts, LLC, in the above entitled action, by and through its undersigned counsel, and moves this Honorable Court to limit Dr. Barbara A. Stelle's testimony at trial.

As grounds in support of this Motion in Limine, the defendant offers the following for this Honorable Court's consideration.

## BACKGROUND

On December 27, 2004, the plaintiff sustained personal injuries while working as a dockworker on Slip No. 2 at the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority's [hereinafter referred to as "the Steamship Authority"] Vineyard Haven Ferry Terminal.

On January 4, 2005, Barbara A. Stelle, M.D., a neurologist on Martha's Vineyard, examined the plaintiff.

On January 11, 2005, Dr. Stelle issued a report concerning her examination, its findings, and other observations and recommendations for further medical treatment. Within the same document, she reports that she witnessed the plaintiff's injury as she was present at the Vineyard Haven Terminal when it occurred.

On July 6, 2005, the plaintiff instituted this action alleging that the defendant was negligent under General Maritime Law.

On September 14, 2005, the defendant served interrogatories on the plaintiff to be answered under oath. Interrogatory No. 19 specifically requests that the *plaintiff identify any and all experts that he intends to call at the time of trial, and further requests the disclosure of the expert's opinions and supporting materials.*

The plaintiff's counsel responded to this interrogatory, without objection or preservation thereof, on September 26, 2006 by forwarding unsigned *Plaintiff's Supplementary Answers to Defendant's Interrogatories*.[1] In Supplemental Answer to Interrogatory No. 19, the plaintiff's counsel identified Dr. Stelle as a medical expert witness.

---

[1] By failing to timely object to Interrogatory No. 20, the plaintiff waived any and all objections pursuant to Local Rule 33.1(C).

On February 20, 2007, the Court conducted a Status Conference. During the conference, the Court ordered the parties to produce their Rule 26(a)(2) expert disclosures by or before April 30, 2007. The plaintiff has produce no Rule 26(a)(2) expert disclosures as ordered by the Court. The defendant produced its expert reports to the plaintiff's counsel on April 30, 2007.

On July 5, 2007, the parties attended a Final Pre-Trial Conference, at which time the defendant raised the plaintiff's failure to produce his Rule 26(a)(2) disclosure. The plaintiff's counsel acknowledged that his client's unsigned Supplemental Answers to Interrogatories served as his expert disclosure and no other expert reports will be forthcoming to the defendant.

To date, the plaintiff has not produce any additional information concerning his expert witnesses in compliance with Rule 26(a)(2)(B). The plaintiff did not identify or provide the requisite information relating to Dr. Stelle in a Rule 26(a)(2)(B) disclosure.

Within the Joint Pre-Trial Memorandum, the plaintiff identifies Dr. Stelle as a witness to testify on the plaintiff's behalf at trial. The plaintiff does not identify or disclose Dr. Stelle as a medical expert witness. Despite the mandatory disclosure requirements of

Rule 26(a)(2)(B) and even though trial is imminent, the plaintiff has not produced any expert information (i.e. written report, list of publications, qualifications, etc.) relating to Dr. Stelle.

**ARGUMENT**

The defendant requests that Dr. Stelle's testimony should properly be limited to her factual observations only on the date of the injury [December 27, 2004] and at her examination of the plaintiff on January 4, 2005. She should properly be precluded from offering any testimony concerning her expert opinion, from interpreting other medical documents, and commenting on other medical records.

Pursuant to the provisions of Rule 26(e), the plaintiff was required to supplement his response to Interrogatory No. 19 prior to the Final Pre-Trial Conference. The purpose of the supplementation requirement of Rule 26(e) is to increase "the quality and fairness of the trial by narrowing the issues and eliminating surprise"). ***Licciardi v. TIG Ins. Group***, 140 F.3d 357, 363 (1st Cir. 1998). The plaintiff's counsel submitted unsigned *Plaintiff's Supplemental Answers to Defendant's Interrogatories* identifying Dr. Stelle as an

expert witness, but failed to obtain his client's signature as required under Rule 33 (b)((2) and Rule 26(e).

The defendant's counsel obtained by authorization response a copy of Dr. Stelle's examination report dated January 11, 2005 during discovery. However, the defendant has never received confirmation that the plaintiff intended to proceed with Dr. Stelle or any of the witnesses identified within his Supplemental Answers to Interrogatories as experts. Accordingly, the defendant submits that this Honorable Court in fairness and equity should limit Dr. Stelle's testimony as requested above.

Additionally, the plaintiff violated the provisions of Rule 26(a)(2) because he did not properly identify Dr. Stelle as a medical expert pursuant to subsection (A), and did not produce the following documents in accordance with subsection (B):

> "*a complete statement of all opinions to be expressed and the basis and reasons thereof; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.*"
> **Rule 26(a)(2) F.R.Civ.P & Local Rule 26.4.**

As directed by the Court, the plaintiff was to produce its Rule 26(a)(2) disclosures by or before April 30, 2007, approximately three (3) months ago.

As stated by the First Circuit,

> "The purpose of the expert disclosure rules is to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent … Thus Rules 26(a) and 37(c)(1) seek to prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion, and thereby potentially deprive a plaintiff of the opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of his own, or conduct expert-related discovery."
> ***Poulis-Minott v. Smith,*** *388 F.3d 354, 357 (1st Cir. 2004).*

The disclosure requirements of Rule 26(a)(2) "are not merely inspirational" but are "mandatory and self-executing." ***Lohnes v. Level 3 Communication,*** *272 F.3d 49, 60-61 (1st Cir. 2001) citing* ***Klonoski v. Mahlab***, *156 F.3d 255, 269 (1st Cir. 1998).* Limiting Dr. Stelle's testimony at trial is the only proper remedy for the plaintiff's failures to comply with Rules 26(a)(2) & Rule 26(e).

To overcome these failures, the plaintiff has the heavy burden of demonstrating to this Honorable Court that his failures to comply were substantially justified and harmless. *Rule 37(c)(1) F.R.Civ.P.* Factors to be considered in determining these issues include "the history of the litigation, the proponent's need for the

challenged evidence, the justification (if any) for the late disclosure, and the opponents ability to overcome its adverse effects." ***MaCaulay v. Anas***, *321 F.3d 45, 51 (1st Cir. 2003)*. The plaintiff cannot overcome this burden on the eve of trial.

This matter has been pending for more than two (2) years and the plaintiff has been given every opportunity to produce the necessary Rule 26(a)(2) disclosure relating to Dr. Stelle or any other experts he wished to call at trial. The Court afforded the plaintiff several extensions and opportunities to produce the required disclosures and information. During that time, the plaintiff had access to Dr. Stelle, as she became involved in his treatment shortly after the alleged incident. This is not a situation where the plaintiff could not make the necessary disclosures because of Dr. Stelle's availability, or the fact that she did not become involved in the plaintiff's treatment until after the deadline for disclosures expired. The plaintiff's failure to disclose Dr. Stelle is unjustified and can only be characterized as an attempt to ambush the defendant at trial.

Additionally, the plaintiff's need for Dr. Stelle's expert testimony is limited and is certainly outweighed by the prejudice that the defendant will suffer. The

plaintiff is only asserting a claim for pain and suffering and has stipulated to his claims for lost wages and medical expenses. The jury can certainly determine the amount of pain and suffering, if any, experienced by the plaintiff as a result of the incident based upon his testimony alone.[2]

At this stage of the litigation, the defendant cannot overcome the prejudice it has suffered as a result of the plaintiff's failures to comply with the disclosure requirements of Rules 26(a)(2) & Rule 26(e). Because of his failures to properly disclose, the plaintiff deprived the defendant of the opportunity to properly depose Dr. Stelle before trial to obtain her anticipated opinions.[3] As a result, the defendant has lost the opportunity to challenge her credentials and anticipated opinions, and has also lost the opportunity to evaluate the necessity of rebuttal expert testimony prior to trial.

Considering the prolonged history of the litigation, the necessity of Dr. Stelle's expert testimony at the time of trial, the defendant's failure to overcome the

---

[2] This is especially true given the fact that the plaintiff's medical records will be admissible under the Rule 801(4) & (6) of the Federal Rules of Evidence.

[3] Obviously, the defendant could not have properly obtained Dr. Stelle's discovery deposition without knowing the substance of her anticipated opinions and basis thereof beforehand.

prejudice it has suffered, and the fact that the plaintiff's failures to disclose are unjustified, Dr. Stelle should properly be limited while testifying as a medical expert pursuant to Rule 37(c)(1).

In a similar case where the plaintiff attempted to designate a medical expert two (2) months before trial and after the deadline for disclosures had expired, Magistrate Judge Cohen correctly determined, according to the First Circuit precedent, that

> "[t]he plaintiff's failure to designate Weir as an expert cannot be said to be harmless at this stage of the proceedings.  Allowing the defendant to name an opposing expert, who would presumably have to examine the plaintiff, followed by deposition, could only delay further the trial of this case … the First Circuit has said repeatedly that the focus must be on the question whether the party that has failed to meet its Rule 26 obligations has shown substantial justification for that failure … In fact, the required sanction in the ordinary case [under Rule 37(c)] is mandatory preclusion … Consideration of the factors enumerated in *Macaulay v. Anas, 321 F.3d 45, 51 (1sr Cir. 2003)*, leads inevitably to the conclusion that the defendant's motion should be granted in this case.  The history of the litigation, the essential lack of justification for the late disclosure, the lack of available time in which the defendant might overcome the adverse effects, and the effect of the late disclosure on this court's docket outweigh the plaintiff's need for the expert testimony of Weir.  For reasons similar to those discussed by the First Circuit in *Macaulay*, the plaintiff here 'faces a steep, uphill climb,' which she cannot successfully complete on the showing made.  Like the trial court in that case, were this court to allow the late designation, "it would have a Hobson's choice: either to force the defense to trial without

    appropriate preparation … or to reopen discovery and vacate the trial assignment."
***Peterson v. Scotia Prince Cruises, Ltd.,*** *222 F.R.D. 216, 217-218 (D.Mass. 2004).*

    **WHEREFORE**, the defendant, New England Fast Ferry of Massachusetts, LLC, prays that this Honorable Court adhere to First Circuit precedent and limit Dr. Stelle's testimony to her factual observations only on the date of the injury [December 27, 2004] and at her examination of the plaintiff on January 4, 2005 because of the plaintiff's failure to comply with the disclosure requirements of the Federal Rules of Civil Procedure.

    By its attorneys,

    **CLINTON & MUZYKA, P.C.**

    <u>"/s/Thomas J. Muzyka"</u>
    **Thomas J. Muzyka**
    **BBO NO: 365540**
    **Terence G. Kenneally**
    **BBO NO: 642124**
    One Washington Mall
    Suite 1400
    Boston, MA  02108
    (617) 723-9165

Dated:  At Boston, MA  July 12, 2007