UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11443-GAO

ETHAN THOMAS
    Plaintiff,

VS.

NEW ENGLAND FAST FERRY OF
MASSACHUSETTS, LLC,
    Defendant.

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ALL EXPERT TESTIMONY AND OFFER OF EVIDENCE

Now comes the defendant, New England Fast Ferry of Massachusetts, LLC, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court to preclude the plaintiff from offering any expert testimony and/or evidence at trial. In addition, the defendant respectfully moves this Honorable Court to exclude all physician and medical therapist reports as inadmissible hearsay pursuant to Federal Rule of Evidence 802.

As grounds in support of this Motion, the defendant offers the following for the Court's consideration.

**PROCEDURAL BACKGROUND**

At the *Initial Scheduling Conference* on November 16, 2005, the Court issued an Order requiring the plaintiff to identify his experts and to produce their expert reports to satisfy Fed.R.Civ.P 26(a)(2) by July 31, 2006.

On June 22, 2006, the parties filed a motion to extend the time to complete discovery which was allowed by the Court on July 3, 2006. The Court revised and issued a new *Discovery Order* requiring the plaintiff to designate experts and disclose expert information and reports by September 29, 2006.

On September 26, 2006, plaintiff's counsel forwarded to defense counsel, *Plaintiff's Supplemental Answers to Defendant's Interrogatories*. Copy attached as Exhibit "A". This pleading remains unsigned, but purports to supplement the original *Plaintiff's Answers to Defendant's Interrogatories* including Interrogatory No. 19 requesting expert information. The expert information provided is generic in nature, is boiler plate in form, and does not provide the information as required by Fed.R.Civ.P 26(a)(2).

At a Status Conference before the Court on February 20, 2007, the discovery period was again by request of counsel. Factual discovery was extended and to be

completed on May 30, 2007. All expert information and disclosures [Fed.R.Civ.P 26(a)(2)] by both parties were to be filed by April 30, 2007.

It is clear that the plaintiff has not satisfied the Court's Order and has not provide expert disclosures and information pursuant to Fed.R.Civ.P 26(a)(2).

Similarly, the purported *Plaintiff's Supplemental Answers to Defendant's Interrogatories* does not comply with the rule nor is it fact and opinion specific as required by the interrogatory.

Lastly and in respect to the dock workers identified as experts, each individual fails to satisfy the minimum requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)

**WHEREFORE,** the defendant prays that the plaintiff be precluded from introducing at trial any evidence in the form of expert opinion or expert testimony on all issues raised in this civil action.

        By its attorneys,

**CLINTON & MUZYKA, P.C.**

<u>"/s/Thomas J. Muzyka"</u>
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO:  642124**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: At Boston, MA   July 12, 2007

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

RECEIVED

SEP 26 2006

CLINTON & MUZYKA, P.C.

| | |
|---|---|
| ETHAN THOMAS,<br>Plaintiff<br><br>V.<br><br>NEW ENGLAND FAST FERRY OF<br>MASSACHUSETTS, LLC,<br>NEW ENGLAND FAST FERRY<br>COMPANY, LLC, and<br>INTERLAKE LEASING IV, INC.,<br>Defendants | Civil Action<br>No. 05-11443-GAO |

## SUPPLEMENTAL ANSWERS TO DEFENDANT'S' INTERROGATORIES

18. Please identify those persons whom you believe were witnesses to the incident, or the condition which allegedly caused or contributed to your injury, including those persons who were present at the time of the incident or were present at the location of the incident either shortly beforehand or afterwards, and specify those persons who will be called to testify at trial.

The following persons witnessed my accident and/or the condition which allegedly caused or contributed to my injury:

Richard Clark
Vineyard Haven, MA

Richard F. McElhinney
P.O. Box 2565
Vineyard Haven, MA 02568

Dennis A. Vogel
RR3, Box 134
Vineyard Haven, MA 02568

Additional persons watched my accident from the M/V ISLANDER, which was docked in slip 1. I do not know who these people were. All will be called to testify at trial.

Supplemental answer

The following persons also witnessed my accident and/or the condition which allegedly

caused or contributed to my injury:

Albion Davis
P.O. Box 8527
Warwick, RI 02888

Raymond DeBettencourt
address unknown

Thomas Murphy
314 Hope St., Apt. 5
Bristol, RI 02809

Melissa Scolovino
226 H West Main Rd.
Little Compton, RI 02837

Barbara A. Stelle, M.D.
P.O. Box 2538
Edgartown, MA 02539

    All will be called to testify at trial.

19.   Please identify each expert witness expected to testify at trial and state the subject matter(s) on which the expert is expected to testify, the substance of all facts to which the expert is expected to testify, the contents of all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion that the expert is expected to render.

    My attorney advises me that this information will be provided pursuant to the scheduling order in this case.

    <u>Supplemental answer</u>

Richard Clark
Vineyard Haven, MA

Raymond DeBettencourt
address unknown

Richard F. McElhinney
P.O. Box 2565
Vineyard Haven, MA 02568

2

Dennis A. Vogel
RR 3, Box 134
Vineyard Haven, MA 02568

These witnesses were all Steamship Authority employees. They are expected to offer the following lay and/or expert opinions. To the extent that these opinions are considered to be expert opinions, their qualifications for offering such opinions are their experience working for the Steamship Authority.

The substance of the facts about which they are expected to testify is as set forth in the Plaintiff's deposition and in their statements to the Steamship Authority. Additionally, they observed the M/V WHALING CITY EXPRESS approach the dock. The transfer bridge could not be raised high enough with the hydraulic winch, so they had to crank the bridge manually. They observed the ferry strike the transfer bridge with a good deal of force while the Plaintiff was cranking the transfer bridge manually. The ferry's impact on the transfer bridge caused the handle of the crank to spin out of the Plaintiff's control and hit him in the head.

They are expected to opine that the captain of the M/V WHALING CITY EXPRESS negligently piloted the vessel so that it struck the ramp of the dock with excessive force during the docking. Ferries docking at the Steamship Authority's terminals should touch the transfer bridge with the minimum speed and force possible, and should not closely approach or touch the transfer bridge until the Steamship Authority dockworkers have finished moving the transfer bridge into the proper location. The captain of the M/V WHALING CITY EXPRESS did neither of these things on the morning of the Plaintiff's injury, and, for these reasons, struck the transfer bridge with his ferry far too hard and at the wrong time (i.e., while the Plaintiff was still cranking the transfer bridge).

The bases for these opinions are their work history with the Steamship Authority.

Albion G. Davis, III
758 Purchase St.
New Bedford, MA 02740

Mr. Davis is expected to testify as to the facts and opinions set forth in his deposition.

Ethan Thomas
P.O. Box 2900
Edgartown, MA 02539

The Plaintiff is expected to offer the following lay and/or expert opinions. To the extent that these opinions are considered to be expert opinions, the Plaintiff's qualifications for offering such opinions is his experience working for the Steamship Authority, as described in his

3

deposition.

The substance of the facts about which he is expected to testify is as set forth in his answers to interrogatories and deposition.

The Plaintiff is expected to opine that the captain of the M/V WHALING CITY EXPRESS negligently piloted the vessel so that it struck the ramp of the dock with excessive force during the docking. Ferries docking at the Steamship Authority's terminals should touch the transfer bridge with the minimum speed and force possible, and should not closely approach or touch the transfer bridge until the Steamship Authority dockworkers have finished moving the transfer bridge into the proper location. The captain of the M/V WHALING CITY EXPRESS did neither of these things on the morning of my injury, and, for these reasons, struck the transfer bridge with his ferry far too hard and at the wrong time (i.e., while the Plaintiff was still cranking the transfer bridge). If the ferry had not struck the transfer bridge while the Plaintiff was cranking, the Plaintiff would not have become injured. If the captain had followed the proper procedures set forth above, the ferry would not have struck the transfer bridge while the Plaintiff was cranking.

The bases for these opinions is the Plaintiff's work history with the Steamship Authority.

Beth MacDonald, M.D.
1 Hospital Road
P.O. Box 2159
Oak Bluffs, MA 02557

Dr. MacDonald is the Plaintiff's primary care physician. Her curriculum vitae has been requested, and will be provided as soon as it is received. She is expected to testify and opine as to her examinations, findings, diagnoses, prognoses, treatment, and medications of the Plaintiff. She will also testify as to the Plaintiff's disability and causal relationship between the December 27, 2004, accident and the conditions for which she treated the Plaintiff. She will testify as to the Plaintiff's medical history and course of and need for treatment from the time of his injury to the present.

She is expected to testify generally in accordance with all of the facts and opinions set forth in her medical records of the Plaintiff, which are incorporated by reference, and are all in the possession of the Defendant. With respect to the Plaintiff's complaints of pain, symptoms, medical history and treatment, she is expected to testify consistently with the complaints, symptoms, and treatment described in his medical records, which records have been provided to counsel for the Defendant.

She is also expected to testify that all of the Plaintiff's medical treatment and prescriptions incurred by him as a result of the December 27, 2004, accident was reasonable and medically necessary and that all of the medical bills incurred by the Plaintiff as a result of such treatment

4

were fair and reasonable.

Her opinions will be based on her education, training and experience, as well as on her examination and treatment of the Plaintiff, and review of the Plaintiff's medical records, all as set forth in the Plaintiff's medical records, which are in the possession of the Defendant.

Chun Lim, M.D., Ph.D.
Beth Israel Deaconess Medical Center
Department of Neurology
330 Brookline Ave.
Boston, MA 02215

Dr. Lim was the Plaintiff's neurologist. His curriculum vitae has been requested, and will be provided as soon as it is received. He is expected to testify and opine as to his examinations, findings, diagnoses, prognoses, treatment, and medications of the Plaintiff. He will also testify as to the Plaintiff's disability and causal relationship between the December 27, 2004, accident and the conditions for which he treated the Plaintiff. He will testify as to the Plaintiff's medical history and course of and need for treatment from the time of his injury to the present.

He is expected to testify generally in accordance with all of the facts and opinions set forth in his medical records of the Plaintiff, which are incorporated by reference, and are all in the possession of the Defendant. With respect to the Plaintiff's complaints of pain, symptoms, medical history and treatment, he is expected to testify consistently with the complaints, symptoms, and treatment described in his medical records, which records have been provided to counsel for the Defendant.

He is also expected to testify that all of the Plaintiff's medical treatment and prescriptions incurred by him as a result of the December 27, 2004, accident was reasonable and medically necessary and that all of the medical bills incurred by the Plaintiff as a result of such treatment were fair and reasonable.

His opinions will be based on his education, training and experience, as well as on his examination and treatment of the Plaintiff, and review of the Plaintiff's medical records, all as set forth in the Plaintiff's medical records, which are in the possession of the Defendant.

Linda H. Riley, M.S., CCC-SLP
Speech Language Pathologist
formerly at
Martha's Vineyard Hospital
P.O. Box 1477
Oak Bluffs, MA 02557

Ms. Riley was the Plaintiff's speech therapist. Her curriculum vitae has been requested,

5

and will be provided as soon as it is received. She is expected to testify and opine as to her examinations, findings, diagnoses, prognoses, treatment, and medications of the Plaintiff. She will also testify as to the Plaintiff's disability and causal relationship between the December 27, 2004, accident and the conditions for which he treated the Plaintiff. She will testify as to the Plaintiff's medical history and course of and need for treatment from the time of his injury to the present.

She is expected to testify generally in accordance with all of the facts and opinions set forth in her medical records of the Plaintiff, which are incorporated by reference, and are all in the possession of the Defendant. With respect to the Plaintiff's complaints of pain, symptoms, medical history and treatment, she is expected to testify consistently with the complaints, symptoms, and treatment described in his medical records, which records have been provided to counsel for the Defendant.

She is also expected to testify that all of the Plaintiff's medical treatment and prescriptions incurred by him as a result of the December 27, 2004, accident was reasonable and medically necessary and that all of the medical bills incurred by the Plaintiff as a result of such treatment were fair and reasonable.

Her opinions will be based on her education, training and experience, as well as on her examination and treatment of the Plaintiff, and review of the Plaintiff's medical records, all as set forth in the Plaintiff's medical records, which are in the possession of the Defendant.

Barbara A. Stelle, M.D.
P.O. Box 2538
Edgartown, MA 02539

Dr. Stelle was the Plaintiff's neurologist. Her curriculum vitae has been requested, and will be provided as soon as it is received. She is expected to testify and opine as to her examinations, findings, diagnoses, prognoses, treatment, and medications of the Plaintiff. She will also testify as to the Plaintiff's disability and causal relationship between the December 27, 2004, accident and the conditions for which she treated the Plaintiff. She will testify as to the Plaintiff's medical history and course of and need for treatment from the time of his injury to the present. She will also testify as to witnessing the Plaintiff's accident, as set forth in her office notes.

She is expected to testify generally in accordance with all of the facts and opinions set forth in her medical records of the Plaintiff, which are incorporated by reference, and are all in the possession of the Defendant. With respect to the Plaintiff's complaints of pain, symptoms, medical history and treatment, she is expected to testify consistently with the complaints, symptoms, and treatment described in his medical records, which records have been provided to counsel for the Defendant.

  She is also expected to testify that all of the Plaintiff's medical treatment and prescriptions incurred by him as a result of the December 27, 2004, accident was reasonable and medically necessary and that all of the medical bills incurred by the Plaintiff as a result of such treatment were fair and reasonable.

  Her opinions will be based on her education, training and experience, as well as on her examination and treatment of the Plaintiff, and review of the Plaintiff's medical records, all as set forth in the Plaintiff's medical records, which are in the possession of the Defendant.

Timothy Tsai, M.D.
Martha's Vineyard Hospital
P.O. Box 1477
Oak Bluffs, MA 02557

  Dr. Tsai saw the Plaintiff at the Martha's Vineyard Hospital Emergency Room. His curriculum vitae has been requested, and will be provided as soon as it is received. He is expected to testify and opine as to his examinations, findings, diagnoses, prognoses, treatment, and medications of the Plaintiff. He will also testify as to the Plaintiff's disability and causal relationship between the December 27, 2004, accident and the conditions for which he treated the Plaintiff. He will testify as to the Plaintiff's medical history and course of and need for treatment from the time of his injury to the present.

  He is expected to testify generally in accordance with all of the facts and opinions set forth in his medical records of the Plaintiff, which are incorporated by reference, and are all in the possession of the Defendant. With respect to the Plaintiff's complaints of pain, symptoms, medical history and treatment, he is expected to testify consistently with the complaints, symptoms, and treatment described in his medical records, which records have been provided to counsel for the Defendant.

  He is also expected to testify that all of the Plaintiff's medical treatment and prescriptions incurred by him as a result of the December 27, 2004, accident was reasonable and medically necessary and that all of the medical bills incurred by the Plaintiff as a result of such treatment were fair and reasonable.

  His opinions will be based on his education, training and experience, as well as on his examination, treatment and surgery of the Plaintiff, and review of the Plaintiff's medical records, all as set forth in the Plaintiff's medical records, which are in the possession of the Defendant.

Jeffrey Zack, M.D.
Martha's Vineyard Hospital
P.O. Box 1477
Oak Bluffs, MA 02557

    Dr. Zack saw the Plaintiff at the Martha's Vineyard Hospital Emergency Room. His curriculum vitae has been requested, and will be provided as soon as it is received. He is expected to testify and opine as to his examinations, findings, diagnoses, prognoses, treatment, and medications of the Plaintiff. He will also testify as to the Plaintiff's disability and causal relationship between the December 27, 2004, accident and the conditions for which he treated the Plaintiff. He will testify as to the Plaintiff's medical history and course of and need for treatment from the time of his injury to the present.

    He is expected to testify generally in accordance with all of the facts and opinions set forth in his medical records of the Plaintiff, which are incorporated by reference, and are all in the possession of the Defendant. With respect to the Plaintiff's complaints of pain, symptoms, medical history and treatment, he is expected to testify consistently with the complaints, symptoms, and treatment described in his medical records, which records have been provided to counsel for the Defendant.

    He is also expected to testify that all of the Plaintiff's medical treatment and prescriptions incurred by him as a result of the December 27, 2004, accident was reasonable and medically necessary and that all of the medical bills incurred by the Plaintiff as a result of such treatment were fair and reasonable.

    His opinions will be based on his education, training and experience, as well as on his examination, treatment and surgery of the Plaintiff, and review of the Plaintiff's medical records, all as set forth in the Plaintiff's medical records, which are in the possession of the Defendant.

    The Plaintiff may call any of his health care providers identified in his answers to interrogatories, or the keepers of the records for any such health care providers, to testify as to the amount of their bills for their treatment of the Plaintiff, that all such treatment was reasonable and medically necessary and causally related to the Plaintiff's injury of December 27, 2004, and that all of the medical bills incurred by the Plaintiff as a result of such treatment were fair and reasonable.

20.    If you have suffered any injuries or have been involved in any accidents since the date of the incident, then (1) state the date, time and place of the incident, (2) describe the manner in which the incident happened, (3) identify all persons involved in the incident, and (4) identify all medical treatment received as a result of the incident.

    I have not.

8

Supplemental answer

I injured my neck lifting boxes while working at the Steamship Authority on September 5, 2006. I went to the Martha's Vineyard Hospital emergency room.

SUBSCRIBED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY

_____                                    _____
Date                                                       Ethan Thomas