UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ETHAN THOMAS,<br>  Plaintiff<br><br>V.<br><br>NEW ENGLAND FAST FERRY OF<br>MASSACHUSETTS, LLC,<br>  Defendant | Civil Action<br><br>No. 05-11443-GAO |

<u>PLAINTIFF'S REQUESTED JURY INSTRUCTIONS</u>

<u>CLAIM FOR NEGLIGENCE -- ESSENTIAL ELEMENTS</u>

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 1</u>

  This is a negligence case. The Plaintiff claims that the Defendant was negligent, and that, as a result of such negligence, the Plaintiff suffered damages. In order to prove the essential elements on his claim, the burden is on the plaintiff to establish by a preponderance of the evidence the following facts:

 <u>First</u>:  That the defendant was negligent in one or more of the particulars alleged;

 <u>Second</u>: That the defendant's negligence was a proximate cause of some injury and consequent damage sustained by the plaintiff.



    O'Malley, Grenig & Lee, 3 <u>Federal Jury Practice and Instructions</u>
    (5th edition), §120.03.

NEGLIGENCE - DEFINITION

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 2

I will now explain to you the first element of the Plaintiff's claim, namely that of negligence.

Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances. In other words, it is the failure to use ordinary care under the circumstances.

O'Malley, Grenig & Lee, 3 Federal Jury Practice and Instructions (5th edition), §120.02.

Pearce v. United States, 261 F.3d 643, 647-648 (6th Cir. 2001) (under the general maritime law, the elements of negligence are the same as in a common law negligence action).

Canal Barge Co. v. Torco Oil Co., 220 F.3d 370, 376 (5th Cir. 2000) (same).

Eleventh Circuit Pattern Jury Instructions (Civil Cases), State Claims Instruction No. 1.1 (2000).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 3

Ordinary care is the care reasonably prudent persons exercise in the management of their own affairs in order to avoid injury to themselves or their property, or to avoid injury to persons or the property of others.

O'Malley, Grenig & Lee, 3 Federal Jury Practice and Instructions (5th edition), §120.10.

## CUSTOM AND PRACTICE - DEFINITION

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 4

You may consider compliance with the customs and practice of an industry to be evidence of due care.

> Keller v. United States, 38 F.3d 16, 27 (1st Cir. 1994).
>
> Cia Maritima Del Nervion v. James J. Flanagan Shipping Corp., 308 F.2d 120, 125 (5th Cir. 1962).
>
> McGann v. Compania de Navegacio Maritima Netumar, 586 F. Supp. 1568, 1571 (D. Md. 1984) (evidence that ladder was "typical" or "standard" is probative of vessel owner's nonnegligent conduct).
>
> 1 Martin J. Norris, The Law of Maritime Personal Injuries § 9:5, at 453 (4th ed. 1990).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 5

Conversely, you may consider failure to comply with the customs and practice of an industry to be evidence of lack of due care.

<div style="margin-left: 2em;">

Keller v. United States, 38 F.3d 16, 27 (1st Cir. 1994).

Cia Maritima Del Nervion v. James J. Flanagan Shipping Corp., 308 F.2d 120, 125 (5th Cir. 1962).

McGann v. Compania de Navegacio Maritima Netumar, 586 F. Supp. 1568, 1571 (D. Md. 1984) (evidence that ladder was "typical" or "standard" is probative of vessel owner's nonnegligent conduct).

1 Martin J. Norris, The Law of Maritime Personal Injuries § 9:5, at 453 (4th ed. 1990).

</div>

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 6

The defendant in this case is a corporation. A corporations can act only through its officers, or employees, or other agents. Any negligent act or omission of an officer, or employee, or other agent, of a corporation, in the performance of his duties, is held in law to be the negligence of the corporation, even though the corporation did not authorize or know of the acts complained of.

O'Malley, Grenig & Lee, 3 <u>Federal Jury Practice and Instructions (5th edition)</u>, §§108.01, 120.51.

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 7

PROXIMATE CAUSE - GENERAL DEFINITION

You will recall that the second part of a negligence case is proximate cause. The plaintiff must prove that negligence of the defendant was a proximate cause of the plaintiff's damages.

By "proximate cause," it is meant that the negligence of the defendant or defendants was a legal cause of the plaintiff's damages. A defendant's negligence is a legal cause of a person's damages if the negligence is a substantial factor in causing the damages.

The proof required to establish a proximate cause does not need to be absolute, but only one of probability or likelihood.

Donaghey v. Ocean Drilling and Exploration Company, 974 F.2d 646, 649 (5th Cir. 1992).

Transcontinental Gas Pipeline Corporation v. Mobile Drilling Barge, 424 F.2d 684, 689 (5th Cir. 1970).

O'Malley, Grenig & Lee, 3 Federal Jury Practice and Instructions (5th edition), §§120.60, 120.61.

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 8

MORE THAN ONE PROXIMATE CAUSE

This does not mean that the law recognizes only one factor or thing, or the conduct of only one person or entity, as the proximate cause of an event.  On the contrary, many facts or things, or the conduct of two or more persons or entities, may operate at the same time, either independently or together, to cause injury or damage; and in such case, each may be a proximate cause.

> O'Malley, Grenig & Lee, 3 Federal Jury Practice and Instructions (5th edition), §§120.61.
>
> Donaghey v. Ocean Drilling and Exploration Company, 974 F.2d 646, 649 (5th Cir. 1992).
>
> Allied Chemical Corporation v. Hess Tank Ship Company of Delaware, 661 F.2d 1044, 1060 (5th Cir. 1981) ("a subsequent negligent act does not excuse prior negligence except in most unusual circumstances").
>
> Transcontinental Gas Pipeline Corporation v. Mobile Drilling Barge, 424 F.2d 684, 689 (5th Cir. 1970) ("A prior act of negligence is a proximate cause of an injury despite the occurrence of a second causative act when the second negligent act might reasonably have been expected to occur.").
>
> Western Tankers Corporation v. United States, 387 F.Supp. 487, 490 (S.D.N.Y. 1975) (finding that the negligence of two parties "were the concurrent causes" of the plaintiff's accident).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 9

If you should find that the actions or omissions of a person or entity other than the defendant also was a proximate cause of the Plaintiff's damages, you must still find negligence on the part of the defendant if you find that the actions or omissions of the defendant were a substantial factor in causing the plaintiff's damages.  This is true regardless of the relative blame or fault of each.

>Donaghey v. Ocean Drilling and Exploration Company, 974 F.2d 646, 649 (5th Cir. 1992).
>
>Allied Chemical Corporation v. Hess Tank Ship Company of Delaware, 661 F.2d 1044, 1060 (5th Cir. 1981) ("a subsequent negligent act does not excuse prior negligence except in most unusual circumstances").
>
>Transcontinental Gas Pipeline Corporation v. Mobile Drilling Barge, 424 F.2d 684, 689 (5th Cir. 1970) ("A prior act of negligence is a proximate cause of an injury despite the occurrence of a second causative act when the second negligent act might reasonably have been expected to occur.").
>
>Western Tankers Corporation v. United States, 387 F.Supp. 487, 490 (S.D.N.Y. 1975) (finding that the negligence of two parties "were the concurrent causes" of the plaintiff's accident).

INTERVENING CAUSE

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 10

The Defendant has contended or takes the position that the negligence of the Steamship Authority and/or the Plaintiff's co-workers was the proximate cause of the Plaintiff's injury. If you find that the Steamship Authority was negligent, and that its negligence was the sole proximate cause of the Plaintiff's injury, then the Plaintiff may not recover.

However, if you find that both the Defendant and the Steamship Authority, by separate and independent acts of negligence proximately caused or were substantial factors in proximately causing the Plaintiff's injury, then the Defendant is legally responsible for the whole injury even though the Defendant alone might not have been solely responsible for the Plaintiff's injury.

In other words, it is no defense to the Defendant that the negligence of the Steamship Authority may have contributed to the Plaintiff's injury.

> Vasina v. Grumman Corp., 644 F.2d 112, 115-116 (2nd Cir. 1981) (approving jury instructions given by the District Court which were practically identical to the above-requested instruction, and noting that "the issue of 'intervening' and 'superseding' negligence was contained in the issue of proximate cause, and was adequately presented to the jury in [that] form.").

CONTRIBUTORY NEGLIGENCE

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 11

Now the defendant here contends that the plaintiff himself was negligent. The burden is on a defendant, alleging the defense of contributory negligence, to establish, by a preponderance of the evidence in the case, first, that the plaintiff himself was also at fault, and, second, that such fault was causally related to the plaintiff's injury.

O'Malley, Grenig & Lee, 3 Federal Jury Practice and Instructions (5th edition), §120.71.

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 12

## DAMAGES

I am now going to instruct you on damages in the event you should reach that issue. The fact that I instruct you on damages does not indicate any view by me that you should or should not find for the Plaintiff on liability.

The Plaintiff bears the burden of proof to show both the existence and the amount of his damages by a preponderance of the evidence. But this does not mean that he must prove the precise amount of his damages to a mathematical certainty. What it means is that he must satisfy you as to the amount of damages that is fair, just and reasonable under all the circumstances. Damages must not be enlarged so as to constitute either a gift or a windfall to the Plaintiff or a punishment or penalty to defendant. The only purpose of damages is to award reasonable compensation. You must not award speculative damages, that is, damages for future losses that, although they may be possible, are wholly remote or conjectural. If you should award damages, they will not be subject to federal or state income taxes, and you should therefore not consider such taxes in determining the amount of damages.

It is the duty of one who is injured to exercise reasonable care to reduce or mitigate the damages resulting from the injury—in other words, to take such steps as are reasonable and prudent to alleviate the injury or to seek out or take advantage of a business or employment opportunity that was reasonably available to him under all the circumstances shown by the evidence. On this issue of mitigation the burden of proof is on defendant to show by a preponderance of the evidence that the Plaintiff has failed to mitigate damages. You shall not award any damages to the Plaintiff that you find he could reasonably have avoided.

If you find that plaintiff had a pre-existing condition that made him more susceptible to injury than a person in good health, defendant is responsible for the injuries suffered by plaintiff as a result of defendant's negligence even if those injuries are greater than a person in good health would have suffered under the same circumstances.

Defendant is not liable for plaintiff's pain or impairment caused by a pre-existing condition. But if you find that defendant negligently caused further injury or aggravation to a pre-existing condition, plaintiff is entitled to compensation for that further injury or aggravation. If you cannot separate the pain or disability caused by the pre-existing condition from that caused by defendant's negligence, then defendant is liable for all plaintiff's injuries.

The elements of damage may include:

1.   Reasonable Medical Expenses. The parties have stipulated that the Plaintiff's reasonable medical expenses amount to $9,870.72.

2.   Lost Wages. The parties have stipulated that the Plaintiff's lost wages amount to $4,061.00, after taxes.

3.   Pain and Suffering and Mental Anguish. You may award a sum to compensate the Plaintiff reasonably for any pain, suffering, mental anguish and loss of enjoyment of life that you find the Defendant's negligence has caused him to suffer and will probably cause him to suffer in the future. Even though it is obviously difficult to establish a standard of measurement for these damages, that difficulty is not grounds for denying a recovery on this element of damages. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, attempting to come to a conclusion that will be fair and just to all of the parties.

Pattern Jury Instructions for cases of Maritime Employee Personal Injury for the District Courts of the United States Court of Appeals for the First Circuit, Hornby, J., 2002.

As authority for the 2 paragraphs on pre-existing conditions:

<u>Stevens v. Bangor and Aroostook Railroad Company</u>, 97 F.3d 594, 603 (1st Cir. 1996).

<u>Evans v. United Arab Shipping Co.</u>, 790 F. Supp. 516, 519 (D.N.J. 1992), <u>aff'd</u>, 4 F.3d 207 (3rd Cir. 1993).

<u>Trull v. Volkswagen of America, Inc.</u>, 320 F.3d 1, 10 (1st Cir. 2002).

PRE-JUDGMENT INTEREST

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 13

The final element of possible damages that may be awarded upon a finding for the plaintiff is called pre-judgment interest. The purpose of pre-judgment interest is to make the plaintiff fully whole or compensated. If you should find for the plaintiff you may decide that the plaintiff has not had the benefit of the money you award today for damages sustained in the past. You may correct that situation if you desire. Such an award is within your sole discretion as the triers of fact in this case.

You may look to the cost of borrowing money from a bank or to other reasonable guideposts to determine the rate of interest to be applied.

> Robinson v. Pocahontas, Inc., 477 F.2d 1048 (1st Cir. 1973).
>
> Couch v. Cro-Marine Transport, Inc., 44 F.3d 319, 323 (5th Cir. 1995).
>
> Todd Shipyards Corp. v. Auto Transp., S.A., 763 F.2d 745, 753 (5th Cir. 1985).
>
> Gator Marine Service Towing, Inc. v. J. Ray McDermott & Co., 651 F.2d 1096, 1100-1101 (5th Cir. 1981).

                                        Respectfully submitted for the
                                        the Plaintiff, by his attorney,

                                        <u>/s/ David J. Berg, Esq.</u>
                                        David J. Berg, Esq.
                                        Latti & Anderson LLP
                                        30-31 Union Wharf
                                        Boston, MA 02109
                                        (617) 523-1000

<center>CERTIFICATE OF SERVICE</center>

      I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                        <u>/s/ David J. Berg, Esq.</u>
                                        David J. Berg, Esq.
                                        Latti & Anderson LLP
                                        30-31 Union Wharf
                                        Boston, MA 02109
                                        617-523-1000

Dated: July 13, 2007