UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

_____
                                   )
ETHAN THOMAS,                      )
    Plaintiff                      )
                                   )   Civil Action
V.                                 )
                                   )   No. 05-11443-GAO
NEW ENGLAND FAST FERRY OF          )
MASSACHUSETTS, LLC,                )
    Defendant                      )
_____)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO LIMIT THE
TESTIMONY OF BARBARA A. STELLE, M.D., AT TRIAL

NOW COMES the Plaintiff, and states as follows:

As the Defendant stated, the Plaintiff responded to the Defendant's expert interrogatory (#19) by sending unsigned supplemental answers to interrogatories by letter dated September 26, 2006. The Plaintiff filed that document at that time in order to comply with the Plaintiff's then expert disclosure deadline of September 29, 2006. The Court entered this expert disclosure deadline by Order dated July 3, 2006, in response to the Defendant's Motion for Extension of time to complete discovery. It should be noted that this office and the majority of defense counsel occasionally submit unsigned answers to interrogatories when necessary. It is a standard procedure in litigation. Plaintiff's counsel's failure to have the Plaintiff subsequently sign the document was an oversight on his part, but that is a procedural matter that should not affect the validity of the answers. Plaintiff will sign another copy of these answers, and the signed copy will be brought to trial on Monday.

However, the focus of the Defendant's motion seems to be on the fact that the Plaintiff purportedly failed to file the information required by Fed.R.Civ.P. 26(a)(2) by the April 30,

2007, deadline.  Rule 26(a)(2) has 2 components.  Rule 26(a)(2)(A) requires disclosure of the names of all experts, retained or not, whom the party may use at trial.  Rule 26(a)(2)(B) requires expert reports from retained experts or those specially employed to provide expert testimony.  Because the Plaintiff had already submitted the information required by Rule 26(a)(2)(A) in his supplemental answers to interrogatories in September, 2006, the Plaintiff did not file a separate disclosure pursuant to Rule 26(a)(2)(A).  The Plaintiff did not file a disclosure under Rule 26(a)(2)(B) because Dr. Stelle was the Plaintiff's treating physician.  Neither the Plaintiff, nor his counsel, have retained her as an expert witness.  Accordingly, the requirements of Rule 26(a)(2)(B) do not apply to her.  For those reasons, the Plaintiff filed no Rule 26(a)(2) disclosure by the April 30, 2007, deadline.

      To the extent that the Defendant is asserting that the Plaintiff should have provided (again) the identities of his experts by April 30, 2007, as required by Rule 26(a)(2)(A), counsel can only say that, based on his reading of the rule and as a matter of common sense, he reasonably believed that he did not have to file a Rule 26(a)(2) disclosure because he had already filed an expert disclosure 7 months earlier.  He concluded that it did made no sense to refile the same document, especially because, as will be discussed below, no expert reports were necessary. Accordingly, Plaintiff's concluded that no further disclosure was required.  The Plaintiff believes that his failure to file a 26(a)(2)(A) disclosure could not lead a reasonable adversary to believe that he would not be calling any expert witnesses at all.  It is simply unreasonable to think that.  The Defendant received a timely expert disclosure.  He is entitled to rely it, and cannot claim prejudice because of the Plaintiff's failure to file a 26(a)(2)(A) disclosure.  What was the purpose of the Plaintiff's original expert disclosure if both parties

could not rely on it?  Moreover, the Plaintiff did not supplement that original disclosure pursuant to Rule 26(e) because no supplementations were necessary.  The disclosure was not incomplete or incorrect.  There is no trial by ambush here, as the Defendant claims.  Nor will the Defendant be prejudiced.  It has long since had a copy of Dr. Stelle's file.  There are no medical surprises in this case.  As the Defendant noted, the Plaintiff's medical records are admissible at trial, and, in fact, the parties have stipulated to the admission of the vast majority of them.

To the extent that the Defendant asserts that the Plaintiff should have provided the materials required by Rule 26(a)(2)(B), there can no longer be any dispute over whether a treating physician is a retained expert under Rule 26(a)(2)(B).  She is not.  Rule 26(a)(2)(B) is very clear.  It applies only to experts who were "retained or specially employed to provide expert testimony."  The Advisory Committee notes are very clear.  They say, "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."  The case law in this circuit and in this Court is also very clear.

"The First Circuit has noted that the Advisory Committee Notes 'specifically use the example of a treating physician to illustrate the sort of witness who . . . need not be considered an expert for the purpose of submitting a report as part of pretrial discovery.'"  <u>Garcia v. City of Springfield Police Department</u>, 230 F.R.D. 247, 248 (D. Mass. 2005) (Ponsor, J.), <u>quoting</u> <u>Gomez v. Rivera Rodriguez</u>, 344 F.3d 103, 113 (1st Cir. 2003).  Gomez continued as follows: "by and large, courts have followed the Advisory Committee's lead and ruled that a treating physician, testifying as to his consultation with or treatment of a patient, is not an expert for purposes of Rule 26."  <u>Id</u>.

Judge Ponsor then reviewed the national case law and concluded as follows: "The

3

common rule distilled from the above decisions is that so long as the expert care-provider's testimony about causation and prognosis is based on personal knowledge and on observations obtained during the course of care and treatment, and he or she was not specially retained in connection with the litigation or for trial, a Rule 26 expert report is not necessary." Garcia, supra at 249; see also Sprague v. Liberty Mutual Insurance Co., 177 F.R.D. 78, 81 (D.N.H. 1998) ("The majority of other courts in the country have concluded that Rule 26(a)(2)(B) reports are not required as a prerequisite to a treating physician expressing opinions as to causation, diagnosis, prognosis and extent of disability where they are based on the treatment."). Sprague also held that an expert not "retained or specially employed is not subjected to Rule 26(a)(2)(B)'s reporting requirements just because he is paid for his time to testify." Id.

Since Dr. Stelle is only testifying as to her opinions that are based on her personal knowledge (oddly, she actually witnessed the Plaintiff's injury), and on observations obtained during the Plaintiff's office visit to her, an expert report is not required.

In conclusion, this is not a case of a late expert disclosure or a failure to supplement an expert disclosure. If anything, this is a case of an early expert disclosure. The Plaintiff should not be held liable for failure to supplement an early expert disclosure when no supplementation was required.

WHEREFORE, the Plaintiff respectfully requests that the Defendant's motion be denied in its entirety.

          Respectfully submitted for the
          the Plaintiff, by his attorney,

          <u>/s/ David J. Berg, Esq.</u>
          David J. Berg, Esq.
          Latti & Anderson LLP
          30-31 Union Wharf
          Boston, MA 02109
          (617) 523-1000

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

          <u>/s/ David J. Berg, Esq.</u>
          David J. Berg, Esq.
          Latti & Anderson LLP
          30-31 Union Wharf
          Boston, MA 02109
          617-523-1000

Dated: July 13, 2007