UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ETHAN THOMAS,<br>    Plaintiff<br><br>V.<br><br>NEW ENGLAND FAST FERRY OF<br>MASSACHUSETTS, LLC,<br>    Defendant | )<br>)<br>)<br>)   Civil Action<br>)<br>)   No. 05-11443-GAO<br>)<br>)<br>)<br>) |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ALL
EXPERT TESTIMONY AND OFFER OF EVIDENCE

NOW COMES the Plaintiff, and states as follows:

The Defendant has moved to preclude the Plaintiff from offering any expert testimony and has also moved to exclude all medical records as hearsay. The Defendant contends that the Plaintiff's expert disclosure is generic and boilerplate and does not provide the information required by Fed.R.Civ.P. 26(a)(2). The Defendant also contends that the dockworkers' opinions should be excluded under Daubert.

The Defendant attached a copy of the expert disclosure to its motion. Review of this disclosure reveals that it is not generic. The opinions listed for the Plaintiff and the dockworkers are quite specific. The Plaintiff's counsel does not know how those opinions could be any more specific. The opinions listed for the Plaintiff's treating physicians (only Dr. Stelle will be testifying at trial) are somewhat less specific, but well within the parameters of the interrogatory. In a nutshell, there is only so much that can be said with respect to the medical opinions. Dr. Stelle saw Mr. Thomas one week after the accident. She had actually witnessed him get hit in the head, and he presented to her in her office primarily with headaches, fatigue, and a speech

deficit. Dr. Stelle will testify as to her diagnoses, prognosis, treatment plan, and opinion as to causal relationship between the accident and the symptoms that he presented to her with. The Defendant is not prejudiced by this disclosure. This is a straightforward case with no medical surprises.

With respect to the Defendant's contention that the Plaintiff was required to file a Rule 26(a)(2) disclosure, the Plaintiff addressed that issue in his opposition to the Defendant's motion regarding Dr. Stelle. In short, the Plaintiff believes that he had no obligation to file such a disclosure because he had already filed an expert disclosure, that his failure to do so was justifiable, and that the Defendant could not have suffered any prejudice from the Plaintiff's failure to do so.

With respect to the Defendant's argument that the dockworkers' opinions are unreliable, the Plaintiff believes that the Court should address that issue during their testimony, as the Court indicated that it would do with respect to the Defendant's liability expert, Mr. McKenna.

Finally, with respect to the Defendant's request to exclude all physician and medical therapist reports as inadmissible hearsay, that request is mostly moot. The undersigned and Mr. Muzyka stipulated that the proffered records from Martha's Vineyard Hospital, Beth Israel Hospital, and Shields MRI will be admitted, along with certain records from Martha's Vineyard Hospital proffered by the Defendant. Given that Dr. Stelle will be testifying at trial, the Plaintiff believes that the issue of her medical records can be best addressed at trial during her testimony.

WHEREFORE, the Plaintiff respectfully requests that the Defendant's motion be denied in its entirety.

        Respectfully submitted for the
the Plaintiff, by his attorney,

/s/ David J. Berg, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

## CERTIFICATE OF SERVICE

     I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ David J. Berg, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: July 13, 2007