UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11443-GAO

ETHAN THOMAS
     Plaintiff,

vs.

NEW ENGLAND FAST FERRY
OF MASSACHUSETTS, LLC
     Defendant.

### DEFENDANT, NEW ENGLAND FAST FERRY OF MASSACHUSETTS, LLC'S, PROPOSED JURY INSTRUCTIONS

Now comes the defendant, New England Fast Ferry of Massachusetts, LLC, in the above-entitled action, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and respectfully requests that this Honorable Court to charge the jury with the following instructions.

NEGLIGENCE . . . . . . . . . . . . . . . . . . . . 1 -11

CONTRIBUTORY NEGLIGENCE & COMPARATIVE FAULT . . . 12-20

DAMAGES . . . . . . . . . . . . . . . . . . . . . 21-28

Substantive maritime law applies to a cause of action brought in admiralty, and general maritime law provides the elements of negligence in the absence of statutory modification.

*E. River S.S. Corp. v. TransAmerica Delaval, Inc.,*
476 U.S. 858, 864, 106 S.Ct. 2295, (1986).

Under the general maritime law, the elements of negligence are essentially the same as land based negligence under the common law, are (1) the existence of a duty of care owed by the defendant to the plaintiff; (2) the breach of that duty of care; (3) a causal connection between the offending conduct and the resulting injury, which is called 'proximate cause'; and (4) actual loss, injury or damage suffered by the plaintiff.

**_Pearce v. United States,_**
261 F.3d 643, 647-48 (6th Cir.2001)

The general maritime negligence standard applicable to the plaintiff's claim against the defendant is "the duty of exercising reasonable care under the circumstances of each case."

***Kermarec v. Compagnie Generale Transatlantique***, 358 U.S. 625, 632, 79 S.Ct. 406, (1959)

"Although custom may be considered as evidence bearing on
the question of negligence once a duty is found to exist,
custom itself does not create the duty.  Custom may help
define the standard of care a party must exercise after it
has undertaken a duty, but custom alone cannot create a
legal relationship between the parties."

*Florida Fuels, Inc. v. CITGO Petroleum Corp.,*
6 F.3d 330, 334 (5th Cir. 1993)

*Ryder v. United States,*
513 F.Supp. 551 (D.Mass. 1981)

Mere proof that the plaintiff was injured raises no presumption of negligence on the part of the defendant. In order to prove a claim for negligence, the plaintiff must show that the defendant failed to use reasonable care under all the circumstances and that such failure to use such care was a proximate cause of the accident.

*Field v. The Granger Rolf,*
300 F.2d 428 (9th Cir. 1962)

*Oliveras v. United States Lines,*
318 F.2d 890 (2nd Cir. 1963)

Compliance with the custom and practice of the industry is evidence that the defendant exercised reasonable care under the circumstances.

**Baker v. Cristobal,**
488 F.2d 331 (5th Cir. 1974)

**Bryant v. Partenreederi-Earnst Russ,**
330 F.2d 185 (4th Cir. 1964)

The burden is on the plaintiff to prove his negligence case by a fair preponderance of credible testimony and, if the evidence is equally divided, then the plaintiff has not sustained his burden and your verdict must be for the defendant on the cause of action for negligence.

*McMillan v. Marine Sulphur,*
607 F.2d 1034 (2nd Cir. 1979)

The plaintiff cannot recover for an injury caused solely by his own negligence.

***Schlicter v. Port Arthur Towing Co.,***
288 F.2d. 801 (5th Cir. 1961)

Mere evidence that a certain condition or conditions
caused or contributed to any injury does not establish
that the defendant failed to exercise reasonable care in
the circumstances.

*Hines v. Bristol City Line (Canada) Ltd.,*
301 F.S. 1394 (E.D. Pa. 1969)

*Jones v. Moore Mc-Cormack Lines, Inc.,*
1968 A.M.C. 1174 (S.D. N.Y. 1968)

*Roberts v. United Fisheries Vessels Co.,*
141 F.2d. 288 (1st Cir. 1944)

"Under the General Maritime Law, negligence is actionable only if it is the 'legal cause' of injury.  Legal cause is more than mere 'but for' causation; the negligence must have been a 'substantial factor' in leading to plaintiff's injury.

> ***Mac Billiot v. La-Tex Gulf Drilling Corp.,***
> 1994 WL 716004 (E.D.La. 1994)

Contributory negligence is the failure on the part of the defendant and its crewmembers to exercise the care and skill of a reasonable competent crew under the circumstances.

*Alvarez v. J. Ray McDermott & Co.,*
674 F.2d 1037 (5th Cir. 1982)

If you find that the plaintiff failed to exercise
reasonable care under the circumstances and that said
failure contributed to his injuries, then you must find
that the plaintiff was contributory negligent.

**_Champion International Corp. v. S.S. LASH PACIFICO,_**
569 F.Supp. 1557 (S.D.N.Y. 1983)

**_Leda, Inc. v. Kilroy Company of Texas, Inc.,_**
598 F.Supp. 443 (S.D.Tx. 1984)

**_In Re New England Fish Company,_**
465 F.Supp. 1003 (W.D.Wa. 1979)

**_Wright v. P.J. St. Pierre Marine, Inc.,_**
1989 WL 211485 (S.D.Tx. 1989)

If you find that the plaintiff failed to exercise
reasonable care under the circumstances and that said
failure contributed to his injuries, then you must find
that the plaintiff is not entitled to recover.

***Leda, Inc. v. Kilroy Company of Texas, Inc.,***
598 F.Supp. 443 (S.D.Tx. 1984)

***Schlicter v. Port Arthur Towing Co.,***
288 F.2d 801 (5th Cir. 1961)

***Borgersen v. Skibs A/S ABU,***
156 F.Supp. 282 (E.D.N.Y. 1957)

***Bilger v. Maritime Overseas Corp.,***
304 F.Supp. 1024 (N.D.Ca. 1969)

If you find that the plaintiff was contributory negligent,
you will state that percentage by which his negligence
contributed to the sinking.  Similarly, if you find that
The Wood's Hole, Martha's Vineyard and Nantucket Steamship
Authority was negligent and that said negligence caused or
contributed to the plaintiff's injuries, you will state
the percentage of its negligence as well.

***United States vs. Reliable Transfer Co.,***
421 U.S. 397 (1975)

If you find that the plaintiff's actions in failing to observe an open and obvious condition was voluntary and unforeseeable, then you must find that the proximate cause of the injury was plaintiff's own negligence and you must find for the defendant.

*Jackson v. Pittsburg S.S. Co.,*
131 F.2d 668 (6th Cir. 1942)

If the jury finds that the plaintiff had an alternative safe manner performing his task but that he deliberately chose an unsafe manner to perform his task, then the jury is instructed that such failure of the plaintiff is a proper basis for a finding of no recovery for the plaintiff, or in the alternative, contributory negligence against him.

> ***Palermo v. Luckenback S.S. Co.,***
> 355 U.S. 20 (1957)

> ***Asara v. Parisi,***
> 297 F.2d. 859 (1st Cir. 1962)

The plaintiff is bound at all times to use reasonable care
for his own protection.

**_Theall v. San Carline, Inc.,_**
241 F.Supp. 748 (W.D. LA 1963)

The plaintiff cannot recover for an injury caused solely by his own negligence.

**_Schlicter v. Port Arthur Towing Co.,_**
288 F.2d 801 (5th Cir. 1961)

**_Borgersen v. Skibs A/S ABU,_**
156 F.Supp. 282 (E.D. N.Y. 1957)

If it is established that the defendant's conduct has in
fact been one of the causes of the plaintiff's injuries,
there remains the question whether the defendant should be
legally responsible.  "The problem is not primarily one of
causation at all, since it does not arise until cause in
fact is established.  It is rather one of the policy as to
imposing legal responsibility.  In short, we are dealing
with problems of responsibility, and not physics."

*Hunley v. Ace Maritime Corp.*,
927 F.2d 493 (9th Cir. 1991)

**DAMAGES**

In determining the amount of damages recoverable by the
plaintiff, you should not assume that any damages are
recoverable.  The plaintiff must prove his damages by a
preponderance of the evidence.  If you find that a
plaintiff has failed to prove by a preponderance of the
evidence a particular claimed element of damages, you may
not make any award of damages for that type of loss.
Similarly, if you find that a plaintiff has failed to
prove any damages, you may find that no damages are
recoverable.

*DoCarmo v. F.V. Pilgrim I Corp.,*
612 F.2d 11 (1st Cir. 1979)

If you find that the defendant is liable, you must award
the amount you find by a preponderance of the evidence as
full and just compensation for the plaintiff's damages.
Compensatory damages are not allowed as a punishment
against the defendant.  Such damages cannot be based on
speculation, for it is only actual damages – what the law
calls compensatory damages – that are recoverable.

***Miles v. Apex Marine Corporation,***
99 U.S. 19 (1990)

The jury is not permitted to award punitive damages for any of the claims asserted by the plaintiff.

***Miles v. Apex Marine Corp.,***
498 U.S. 19 (1990)

***Guevara v. Maritime Overseas Corp.,***
59 F.3d 1496 (5th Cir. 1995)

As to any award for loss of future earnings, you should
take into consideration that what would have been
available to the plaintiff after tax dollars, not pre-tax
dollars.

**Furumizo v. United States,**
381 F.2d 965, 971 (9th Cir. 1967)

**Hartz v. United States,**
415 F.2d 259, 264 (5th Cir. 1979)

The plaintiff has a duty to mitigate his damages. The duty to mitigate damages requires a seaman that is permanently unfit for sea duty to seek other work not involving physical stress.

*Williams v. United States,*
712 F.Supp. 1132 (S.D.N.Y. 1989)

Any verdict you might award the plaintiff is not subject
to taxes under the federal or state income tax laws.

***Norfolk & Western R.R. Co. v. Liepelt, Adm.,***
444 U.S. 490, 100 S.Ct. 755, 62 L.Ed. 2689 (1980)

***Domeracki v. Humble Oil & Refining Co.,***
443 F.2d 1245, 1251 (3rd Cir. 1971)

You may not base your verdict, either on liability or
damages, upon sympathy for the plaintiffs.

### *Pearsall v. Emhart Industries, Inc.,*
99 F.Supp. 267 (D.PA 1984)

### *Laaperi v. Sears Roebuck & Co., Inc.,*
787 F.2d 726 (1st Cir.1986)

Any verdict you might award the plaintiff is not subject

to taxes under the federal or state income tax laws.

***Norfolk & Western R.R. Co, v. Liepelt. Adm.,***
444 U.S. 490, 100 S.Ct. 755, 62 L.Ed. 2689 (1980)

***Domeracki v. Humble Oil & Refining Co.,***
443 F.2d 1245, 1251 (3rd Cir. 1971)

By its attorneys,

**CLINTON & MUZYKA, P.C.**


<u>"/s/Thomas J. Muzyka"</u>
**Thomas J. Muzyka**
**BBO No: 365540**
**Terence G. Kenneally**
**BBO No: 642124**
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165


Dated:  July 13, 2007